■ In the Matter of Peter Cordes, Appellant, v Frank R. Cordes, Respondent.—In a support proceeding pursuant to article 4 of the Family Court Act, the petitioner wife appeals, (1) as limited by her brief, from so much of an order of the Family Court, Westchester County, dated April 26, 1977, as denied her motion for sequestration and sale of the marital home and the personal property therein and (2) from a further order of the same court, dated September 20, 1977, which (a) denied her application to hold

respondent in contempt and (b) adhered to the prior order with respect to the application for sequestration and sale. Appeal from the order of April 26, 1977 dismissed. The appeal from that order was untimely. Appeal from so much of the order dated September 20, 1977 as related to the issues of sequestration and sale dismissed. Those matters were determined in the prior order of April 26, 1977. No notice of appeal from that order was filed until September, 1977 (see CPLR 5513, subd [a]). Order dated September 20, 1977 otherwise reversed, on the law, by deleting the first decretal paragraph thereof, which relates to the application to hold respondent in contempt, and proceeding remanded to the Family Court for a *de novo* hearing and the making of findings of fact with respect to the allegations that respondent willfully defaulted in his support obligations. Petitioner is awarded one bill of $50 costs and disbursements to cover both appeals. Had we reached the merits of the issue as to sequestration and sale we would have affirmed as there is no evidence that respondent left, or threatened to leave, the State (see Family Ct Act, §§ 429, 457). Petitioner's proper remedy was to seek sequestration incidental to a matrimonial action for separation in the Supreme Court pursuant to section 243 of the Domestic Relations Law or to seek enforcement of a judgment entered on the arrears. The denial of the application to hold respondent in contempt was improper. "Where a respondent is brought before the court for failure to obey the provisions of a support order, the court should hold a hearing and take proofs on the issue of whether or not the failure of respondent was willful" *(Matter of Atkins v Atkins,* 28 AD2d 1098; see, also, Family Ct Act, § 454). After the hearing the court should render a decision on the record, stating the facts essential to its conclusion. On the current state of the record it is impossible to determine whether respondent's delinquency was willful. Latham, J. P., Cohalan, Margett and O'Connor, JJ., concur.