■ In the Matter of KYLE H. and Another, Children Alleged to be Abused. [604 NYS2d 463] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in dismissing a child abuse petition against respondent Eric M., finding that he was not a "person legally responsible" (Family Ct Act § 1012 [g]). The proof at the fact-finding hearing demonstrated that Eric M. was a "person responsible for the child's care at the relevant time" and was "continually * * * in the same household as the child" (Family Ct Act § 1012 [g]). We modify the order, therefore, by reinstating the petition against Eric M. (Appeal from Order of Erie County Family Court, Honan, J.—Abuse.) Present—Denman, P. J., Green, Balio, Fallon and Boomer, JJ.

■ NIAGARA REAL ESTATE, INC., et al., Appellants, v JARRETT B. WOLLSTEIN, Individually and Doing Business as BUSINESS EQUIPMENT BROKERS, et al., Respondents. [604 NYS2d 464] — Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: We disagree with Supreme Court that plaintiff Niagara Computer Sales, Inc., was bound by the one-year Statute of Limitations set forth in the invoice. Its terms are not binding upon the purchaser because the invoice was not sent within a reasonable time within the meaning of UCC 2-207 (1) (see, In re Empire Pac. Indus., 71 Bankr 500). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Boomer, JJ.