■ In the Matter of NANCY ELLIOT, Appellant, v EDWIN MARBLE, Respondent. (And Five Other Related Proceedings.) [854 NYS2d 548]—

Kane, J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of one daughter (born in 2000). Orders of protection required the parties to remain at least five feet away from each other except as necessary to effectuate court-ordered visitation. The orders also provided that all custodial transfers take place at a specified neutral location. The parties appeared in Family Court and stipulated to an order of custody and visitation. Before the order was reduced to writing, the mother filed two petitions, one alleging a violation of the bench order and the other alleging a violation of the order of protection in her favor. The court, on its own motion, dismissed the first petition, apparently on the belief that the petition addressed behavior occurring prior to the stipulation. When the mother appealed that dismissal, the court reinstated the petition and placed it on the calendar. After the custody or-

der was reduced to writing, the father filed two petitions alleging that the mother violated both the custody order and the order of protection by, among other things, failing to deliver the child to the transfer location on unspecified occasions. The mother filed two additional violation petitions.

At the first appearance where the mother was represented by counsel, Family Court (Abramson, J.) chose to hold a hearing, over the mother's objection, on the father's two violation petitions.* Without making any factual findings, the court found the mother in violation, but adjourned disposition on the violations to be decided by the assigned judge.

A hearing was held before Family Court (Hall, J.) on the mother's four petitions and disposition of the adjudicated violations. The court could not locate the first petition, which had been restored to the calendar, and refused to sign subpoenas for witnesses and records which apparently only pertained to that lost petition. Although the mother previously had counsel, she proceeded pro se with standby counsel and attempted to handle the evidence separately as to each petition. When the mother sought to recall the father to the stand for her second petition, the court informed her that she had already called him once and was precluded from recalling him. With the only proof being testimony from the father on one petition and narrative testimony from the mother, the court dismissed her petitions for failure of proof. On the father's violation petitions, the court adopted as contempt the prior judge's determination that the orders were violated and imposed a sentence of 15 days incarceration for each violation, with sentences suspended pending future violations of either order. The mother appeals.

Family Court (Hall, J.) erred by imposing a sanction against the mother on the violation petitions without making any findings of fact or determination of willfulness. Moreover, in rendering that disposition, the court mistakenly relied on the prior determination by Family Court (Abramson, J.) as establishing a willful violation when, in fact, such a conclusion had not been made. A court may punish a person for failing to obey a lawful court order "if, after [a] hearing, the court is satisfied by competent proof that the respondent has willfully failed to obey any such order" (Family Ct Act § 846-a; see Matter of Aumell v King, 18 AD3d 905, 905-906 [2005]). Although the mother admitted that she did not deliver the child to the specified location on some occasions, she explained that she could not afford gas for transportation and pointed to a provision in the custody

---

* Curiously, despite the mother's petitions having been filed first, Family Court adjourned those petitions for a hearing at a later date.

order permitting the father to utilize a cab at the mother's expense if she could not provide transportation. That alternate provision created a question as to whether the mother actually violated the order when she did not personally transport the child. Evidence regarding the mother's financial inability to provide transportation created a question regarding willfulness. Significantly, the lack of factual findings here by either the judge who presided over the initial hearing or the judge who rendered the disposition precludes appellate review (*see Matter of Miller v Miller*, 220 AD2d 133, 136 [1996]); we cannot tell whether there was a finding of willfulness, whether the order's alternate provision regarding transportation was considered, or even the dates on which the mother is deemed to have violated the order. Hence, we remit for a new hearing, after which the court must set forth the facts essential to its decision (*see* CPLR 4213 [b]; *Matter of Rose BB.*, 243 AD2d 999, 1001 [1997]; *Matter .of Miller v Miller*, 220 AD2d at 136; *Matter of Ross v Sherwood Diversified Servs.*, 88 AD2d 936, 936 [1982]; *Matter of Cordes v Cordes*, 61 AD2d 981, 982 [1978]; *see also* Judiciary Law § 770).

Additionally, the mother was denied a fair hearing on her petitions. Family Court (Hall, J.) noted that the hearing addressed the mother's four petitions, yet the one restored to the calendar—after having been improperly dismissed—was not in the court file. Had that petition been located in the court file at the time, the court might not have denied all of the requested subpoenas, especially since the mother maintains that the subpoenas were relevant to the missing petition. We also find error in the court's refusal to permit the mother to recall the father to the stand when she explained her incorrect understanding that evidence was to be elicited separately for each petition. Although the mother, by proceeding pro se, did not acquire rights greater than those afforded other litigants (*see Matter of Mosso v Mosso*, 6 AD3d 827, 828 [2004]), her confusion was understandable based upon comments made by the court and her statement that she was advised of that procedure by standby counsel. Given this reasonable confusion and the lack of any prejudice to the father, the court should have afforded the pro se mother some latitude, especially considering that she was trying to present evidence and adhere to the court's procedures but was frustrated merely by her lack of legal training (*see id.*). Because she was unreasonably prevented from offering proof on her petitions, we reinstate those petitions and remit for further proceedings (*see id.*; *see also Matter of Williams v Williams*, 35 AD3d 1098, 1100 [2006]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur.

Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.