■ In the Matter of Joseph Schillaci et al., Respondents, v Charmaine Forbes, Appellant. [894 NYS2d 676]—

Appeal from an order of the Family Court, Oneida County (Brian M. Miga, J.H.O.), entered October 22, 2008 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioners visitation with their granddaughter.

It is hereby ordered that the order so appealed from is unanimously reversed on the law and in the exercise of discretion without costs, the petition is dismissed, and the order entered January 28, 2008 is vacated.

Memorandum: Respondent mother appeals from an order (Brian M. Miga, J.H.O.) that, inter alia, granted specified visitation to petitioners, the paternal grandparents of their 10-year-old granddaughter. The grandparents had filed the petition that is the subject of this appeal, alleging that the mother willfully violated an order entered in January 2008 granting them visitation with their granddaughter. Although that order is not contained in the record on appeal, the order that is the subject of this appeal reflects that the prior order directed that the

grandparents shall have "reasonable visitation as the parties can agree." We note at the outset that Family Court erred in determining that "any future violation" of the order on appeal would be deemed to be willful, inasmuch as a determination of a willful violation is made only after a full evidentiary hearing (*see Matter of Elliot v Marble*, 49 AD3d 923, 924 [2008]; *see generally Matter of Hoglund v Hoglund*, 234 AD2d 794, 795 [1996]).

At the hearing on the instant petition, the grandparents presented only the testimony of their daughter, who had visited with the child for approximately two months prior to the hearing pursuant to a temporary order of Family Court (Joan E. Shkane, J.). Although we agree with the mother that the court lacked authority to order temporary visitation with a nonparty without her consent, we note that the mother did not object to the order and in fact testified at the hearing that she did not oppose the visitation between her child and her child's aunt. The evidence presented by the grandparents in support of the instant petition failed to address whether the mother willfully violated the order entered in January 2008, and the court made no finding whether the mother violated that order (*see generally Matter of Lonniel L.G. v Tammy G.-G.*, 39 AD3d 1200 [2007]). The court instead modified the January 2008 order by establishing a visitation schedule, but the court made no findings with respect to whether such visitation was in the best interests of the child (*see generally Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 181 [1991]). Furthermore, the evidence presented by the mother at the hearing and obtained by the court at the *Lincoln* hearing established that the child, who was being treated for leukemia, was opposed to visitation with her grandparents. We note that the record established that, although the mother had historically facilitated visitation between the child and the grandparents, the child objected to the visitation after she became ill, and the mother yielded to the child's wishes and did not require the child to visit her grandparents. Thus, despite the fact that we are unable to review the propriety of the court's determination with respect to visitation with the grandparents based on the court's failure to set forth findings in support of that determination (*see Matter of Elliot v Marble*, 49 AD3d 923, 925 [2008]), we nevertheless make our own determination on the record before us that it is not in the child's best interests to continue visitation with the grandparents (*see Matter of Wilson v McGlinchey*, 2 NY3d 375, 382 [2004]). We therefore in the exercise of our discretion vacate the order entered January 28, 2008. Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.