# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1135**
**CAF 11-02483**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND VALENTINO, JJ.

---

IN THE MATTER OF WILLIAM M. HILGENBERG,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHRISTOPHER A. HERTEL, RESPONDENT,
AND HEIDI D. HILGENBERG, RESPONDENT-APPELLANT.

---

KELLY M. CORBETT, FAYETTEVILLE, FOR RESPONDENT-APPELLANT.

KARIN H. MARRIS, ATTORNEY FOR THE CHILD, SYRACUSE, FOR KAMERI M.H.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered October 25, 2011. The order, among other things, awarded petitioner visitation with the subject child.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the first and second ordering paragraphs and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following Memorandum: Petitioner grandfather, the father of respondent mother, commenced this proceeding seeking visitation with his granddaughter (hereafter, grandchild). The mother appeals from an order that, inter alia, granted the petition and awarded the grandfather one weekend per month of overnight visitation with the grandchild. Initially, we reject the mother's contention that the grandchild was deprived of effective assistance of counsel in Family Court (*see generally Matter of Ferguson v Skelly*, 80 AD3d 903, 906, *lv denied* 16 NY3d 710; *Matter of Sarah A.*, 60 AD3d 1293, 1294-1295; *Matter of West v Turner*, 38 AD3d 673, 674). The record does not support the mother's allegation that the Attorney for the Child failed to make a recommendation in accordance with the grandchild's wishes, or the mother's implicit contention that the Attorney for the Child was biased against her (*see generally Matter of Nicole VV.*, 296 AD2d 608, 614, *lv denied* 98 NY2d 616).

We reject the mother's conclusory assertion that Family Court erred in concluding that the grandfather had standing to seek visitation. A grandparent has standing to seek visitation with his or her grandchildren pursuant to Domestic Relations Law § 72 (1) where, inter alia, "circumstances show that conditions exist [in] which equity would see fit to intervene." The factors that a court must consider in determining whether the grandparent made such a showing

include the "nature and basis of the parents' objection to visitation . . . [and] the nature and extent of the grandparent-grandchild relationship" (*Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182; *see Matter of Morgan v Grzesik*, 287 AD2d 150, 154). Here, the court properly concluded that the grandfather had demonstrated a long-standing and loving relationship with the grandchild sufficient to seek visitation with her.

Upon demonstrating standing to seek visitation, however, a grandparent must then establish that visitation is in the best interests of the grandchild (*see Emanuel S.*, 78 NY2d at 181). Among the factors to be considered are whether the grandparent and grandchild have a preexisting relationship, whether the grandparent supports or undermines the grandchild's relationship with his or her parents, and whether there is any animosity between the parents and the grandparent (*see Matter of E.S. v P.D.*, 8 NY3d 150, 157-158). Animosity alone is insufficient to deny visitation. " 'It is almost too obvious to state that, in cases where grandparents must use legal procedures to obtain visitation rights, some degree of animosity exists between them and the party having custody of the [grandchildren]. Were it otherwise, visitation could be achieved by agreement' " (*id.* at 157, quoting *Lo Presti v Lo Presti*, 40 NY2d 522, 526). Furthermore, "the decision whether . . . an intergenerational relationship would be beneficial in any specific case is for the parent to make in the first instance. And, if a fit parent's decision . . . becomes subject to judicial review, the court must accord at least some special weight to the parent's own determination" (*Troxel v Granville*, 530 US 57, 70; *see Morgan*, 287 AD2d at 151). Thus, "the courts should not lightly intrude on the family relationship against a fit parent's wishes. The presumption that a fit parent's decisions are in the [grand]child's best interests is a strong one" (*E.S.*, 8 NY3d at 157).

Inasmuch as the court made no finding that the mother was not fit, and the grandfather did not take a cross appeal from the order, we must therefore begin by according "some special weight" to the mother's decision that the grandchild's best interests are not served by visitation with the grandfather (*Troxel*, 530 US at 70). Furthermore, the court's determination concerning whether to award visitation " 'depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents' " and grandparents (*Matter of Thomas v Thomas*, 35 AD3d 868, 869; *see Matter of Steinhauser v Haas*, 40 AD3d 863, 864). The court's determination concerning visitation will not be disturbed unless it lacks a sound and substantial basis in the record (*see Thomas*, 35 AD3d at 869; *Matter of Keylikhes v Kiejliches*, 25 AD3d 801, 801, *lv denied* 7 NY3d 710).

Here, we conclude that the court's determination lacks a sound and substantial basis in the record insofar as it grants visitation to the grandfather. The mother and the grandmother testified to serious wrongdoing by the grandfather, including, inter alia, illegal drug use and sales, and vehicular assault upon the mother's boyfriend. The

court failed to make any finding regarding the credibility of those allegations, and thus we have no basis upon which to determine how those allegations, which include serious misconduct, would impact the determination whether visitation with the grandfather is in the grandchild's best interests.  Furthermore, there is no evidence in the record establishing that the grandfather previously has cared for the grandchild overnight, or for as extensive a time as the full weekend of visitation awarded by the court.  "Given the . . . deficiencies in the record . . . , this Court can neither conclude that a sound and substantial basis exists for Family Court's award of [visitation] to the [grand]father . . . , nor can we accord appropriate weight to the [court's credibility determinations] in conducting our own independent review" (*Matter of Rivera v LaSalle*, 84 AD3d 1436, 1440).  We therefore modify the order by vacating the first two ordering paragraphs, and we remit the matter to Family Court for further proceedings on the petition.

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court