# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**909**
**CAF 14-00442**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

IN THE MATTER OF PATRICK ORDONA,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

PAMELA CAMPBELL, RESPONDENT-APPELLANT,
AND JENNIFER COTHERN, RESPONDENT-RESPONDENT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

AVERY S. OLSON, JAMESTOWN, FOR PETITIONER-RESPONDENT.

JILL A. SPAYER, ATTORNEY FOR THE CHILD, DUNKIRK.

MICHAEL J. SULLIVAN, ATTORNEY FOR THE CHILD, FREDONIA.

---------------------------------------------------------------------------------

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered February 13, 2014 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, terminated respondent Pamela Campbell's visitation with the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent Pamela Campbell (grandmother) appeals from an order that, inter alia, terminated her visitation with the two subject children. Contrary to the grandmother's contention, Family Court properly determined that it is not in the children's best interests to continue visitation with the grandmother (*see generally Matter of Wilson v McGlinchey*, 2 NY3d 375, 382; *Matter of Schillaci v Forbes*, 70 AD3d 1444, 1445). We also reject the grandmother's contention that the court erred in admitting hearsay statements of the subject children in evidence at the hearing on the petition. "It is well settled that there is 'an exception to the hearsay rule in custody cases involving allegations of abuse and neglect of a child, based on the Legislature's intent to protect children from abuse and neglect as evidenced in Family [Court] Act § 1046 (a) (vi)' . . . , where, as here, the statements are corroborated" (*Matter of Mateo v Tuttle*, 26 AD3d 731, 732; *see Matter of Sutton v Sutton*, 74 AD3d 1838, 1840; *cf. Matter of Hall v Hawthorne*, 99 AD3d 1237, 1238). The statement of each child "tend[s] to support the statement[] of the other[] and, viewed together, [the statements] give sufficient indicia of

reliability to each [child's] out-of-court statement[]" (*Matter of Nicole V.*, 71 NY2d 112, 124; *see Matter of Aimee J.*, 34 AD3d 1350, 1351).  Moreover, there is additional corroboration from other witnesses who testified at the hearing.

The record does not support the grandmother's contention that the change in visitation will eliminate contact between the subject children and their half-siblings.  In any event, we note that, "although sibling relationships should not be disrupted unless there is some overwhelming need to do so" (*Matter of O'Connell v O'Connell*, 105 AD3d 1367, 1368 [internal quotation marks omitted]), here there is such a need.  The record supports the court's determination that it is in the best interests of the subject children to eliminate the grandmother's visitation in view of the grandmother's failure to abide by court orders, the grandmother's animosity toward the father, with whom the children reside, and the fact that the grandmother frequently engaged in acts that undermined the subject children's relationship with their father (*see Matter of Hilgenberg v Hertel*, 100 AD3d 1432, 1433; *see generally Matter of E.S. v P.D.*, 8 NY3d 150, 157-158).

Entered:  October 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court