# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1165**
**CAF 14-01873**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF AMANDA MACRI AND ANTHONY
MACRI, PETITIONERS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

LISA BROWN, RESPONDENT-APPELLANT.

---

JOHN J. RASPANTE, UTICA, FOR RESPONDENT-APPELLANT.

LAW OFFICES OF EISENHUT & EISENHUT, UTICA (CLIFFORD C. EISENHUT OF
COUNSEL), FOR PETITIONERS-RESPONDENTS.

---

Appeal from an order of the Family Court, Herkimer County (John
J. Brennan, J.), entered October 8, 2014 in a proceeding pursuant to
Family Court Act article 6.  The order, inter alia, terminated
respondent's visitation with the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent is the subject child's maternal
grandmother, and petitioners are his adoptive parents.  Petitioners
were awarded custody of the child in December 2012 after the child's
mother forfeited her parental rights, subject to the condition that
respondent would "have supervised visitation as can be mutually agreed
upon by and between the parties."  Petitioners' adoption of the child
was finalized in June 2013.  In August 2013, upon respondent's
petition, Family Court ordered that respondent would have one hour of
supervised visitation with the child every two weeks.  Petitioners
thereafter sought termination of respondent's visitation, and the
court issued two temporary orders, in January and March 2014,
directing respondent to refrain from bringing any food or drinks to
visitation, to refrain from undressing or disrobing the child at
visitation, and to refrain from contacting the child outside of
visitation.  Respondent appeals from an order that, inter alia,
terminated her visitation following a hearing.  We affirm.

"Once a visitation order is entered, it may be modified only
'upon a showing that there has been a subsequent change of
circumstances and modification is required' . . . Extraordinary
circumstances are not a prerequisite to obtaining a modification;
rather, the 'standard ultimately to be applied remains the best
interests of the child when all of the applicable factors are
considered' " (*Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381).  A

court's "determination concerning whether to award visitation depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of character, temperament, and sincerity of the parents and grandparents" (*Matter of Hilgenberg v Hertel*, 100 AD3d 1432, 1434 [internal quotation marks omitted]). Thus, "[t]he court's determination concerning visitation will not be disturbed unless it lacks a sound and substantial basis in the record" (*id.*).

Contrary to respondent's contention, the court properly determined that it is not in the child's best interests to continue visitation with respondent (*see generally Wilson*, 2 NY3d at 382). The record supports the court's determination that a change of circumstances had occurred and that it was in the best interests of the child to terminate respondent's visitation in view of, inter alia, respondent's failure to abide by court orders concerning her conduct during visitation, her refusal to refer to the child by the name given to him by petitioners, and, as explained by petitioners' expert, the negative impact that continued visitation with respondent could have on the child's relationship with petitioners (*see generally Matter of Ordona v Campbell*, ___ AD3d ___, ___ [Oct. 2, 2015]). Additionally, we conclude that respondent's important interest in having a relationship with the child "must yield . . . where the circumstances of the child's family--including the worsening relations between the litigants and the strenuous objection to grandparent visitation by both parents--render the continuation of visitation with the grandparent[] not in the child's best interest[s]" (*Wilson*, 2 NY3d at 382).

Finally, contrary to respondent's alternative contention, the court adequately set forth the facts it deemed essential to its decision to terminate respondent's visitation.

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court