Matter of Tinucci v Voltra (2018 NY Slip Op 00671)





Matter of Tinucci v Voltra


2018 NY Slip Op 00671


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


76 CAF 16-02239

[*1]IN THE MATTER OF DONNA M. TINUCCI, PETITIONER-APPELLANT,
v
MICHAEL VOLTRA, RESPONDENT-RESPONDENT. 
IN THE MATTER OF MICHAEL VOLTRA, PETITIONER-RESPONDENT,
v
DONNA M. TINUCCI, RESPONDENT-APPELLANT. 






PAUL B. WATKINS, FAIRPORT, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.
CONBOY, MCKAY, BACHMAN & KENDALL, LLP, WATERTOWN (LAWRENCE D. HASSELER OF COUNSEL), FOR RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT. 
KIMBERLY A. WOOD, ATTORNEY FOR THE CHILDREN, WATERTOWN. 


 Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered December 5, 2016 in proceedings pursuant to Family Court Act article 6. The order, among other things, dismissed the petition of petitioner-respondent for modification of an April 2003 order of visitation and granted the petition of respondent-petitioner seeking to terminate the visitation rights of petitioner-respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-respondent is the subject children's maternal grandmother, and respondent-petitioner is their father. After the untimely death of the children's mother, a Family Court order was entered in April 2003 awarding the grandmother "reasonable rights of visitation with the subject [children] as the parties shall mutually determine." For approximately two years immediately thereafter, the grandmother had limited visitation with the children. For the next approximately 10 years, however, the grandmother did not have contact with the children. In September 2015, the grandmother filed the instant petition for modification of the 2003 order of visitation. The father filed his own petition seeking to terminate the grandmother's visitation rights. After a hearing before a court attorney referee, the court accepted the Referee's recommended findings, dismissed the grandmother's petition and granted the father's petition terminating the grandmother's visitation rights. The grandmother appeals.
"Once a visitation order is entered, it may be modified only upon a showing that there has been a subsequent change of circumstances and modification is required' . . . Extraordinary circumstances are not a prerequisite to obtaining a modification; rather, the standard ultimately to be applied remains the best interests of the child when all of the applicable factors are considered' " (Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381 [2004]). A court's "determination concerning whether to award visitation depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of character, [*2]temperament, and sincerity of the parents and grandparents . . . The court's determination concerning visitation will not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Hilgenberg v Hertel, 100 AD3d 1432, 1434 [4th Dept 2012] [internal quotation marks omitted]).
Contrary to the grandmother's contention, the court properly determined that it is not in the children's best interests to continue visitation with the grandmother (see generally Wilson, 2 NY3d at 382). The record supports the court's determination that a change of circumstances had occurred and that it was in the best interests of the children to terminate the grandmother's visitation in view of, inter alia, the lack of contact between the grandmother and the children for at least 10 years.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court