Matter of Celeste S. (Michelle S.) (2018 NY Slip Op 06347)





Matter of Celeste S. (Michelle S.)


2018 NY Slip Op 06347


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


897 CAF 17-00431

[*1]IN THE MATTER OF CELESTE S., IZABELLA S., AND MIA S. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; MICHELLE S., RESPONDENT, AND RICHARD B., RESPONDENT-APPELLANT.






PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT.
MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.
SARA E. ROOK, ROCHESTER, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Monroe County (James E. Walsh, Jr., J.), entered February 3, 2017 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined the subject children to be abused, severely abused and neglected by respondent Richard B. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this Family Court Act article 10 proceeding with a petition alleging, inter alia, that Richard B. (respondent), the paramour of the children's mother, respondent Michelle S., abused, severely abused and neglected the subject children by subjecting one of the subject children and the subject children's 16-year-old sister to sexual contact. After respondent was convicted of, inter alia, rape in the first degree and sexual abuse in the first degree arising from that sexual contact, petitioner moved for summary judgment on the petition. Respondent appeals from an order in which Family Court, inter alia, granted the motion and determined that he abused, severely abused and neglected the subject children. We affirm.
It is well settled that a party seeking summary judgment has the initial burden of submitting evidence in admissible form that establishes as a matter of law its entitlement to the relief sought (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In a case similar to this one, the Court of Appeals determined that there was "no reason why summary judgment is not an appropriate procedure in proceedings under Family Court Act article 10" (Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]), and that a petitioner may meet its initial burden by establishing that a respondent was convicted of sexual crimes involving the subject children and the crimes of which he "was convicted fell within the broad allegations of the . . . abuse petition" (id.).
Respondent contends that petitioner failed to meet its burden with respect to the issue whether he was legally responsible for the children within the meaning of the Family Court Act. We reject that contention. Pursuant to Family Court Act § 1012 (g), a " [p]erson legally responsible' [for a child] includes the child's custodian[, which] may include any person continually or at regular intervals found in the same household as the child when the conduct of such person causes or contributes to the abuse or neglect of the child" (see Matter of Kyle H., 198 AD2d 913, 913 [4th Dept 1993]). Here, petitioner met its burden with respect to that issue by submitting the hearsay statements of the subject children and their sister, along with respondent's [*2]admissions, which established that respondent was a " [p]erson legally responsible' for the care of the children and, as such, was a proper party to the child protective proceeding" (Matter of Jayla A. [Chelsea K.—Isaac C.], 151 AD3d 1791, 1792 [4th Dept 2017], lv denied 30 NY3d 902 [2017]). Although the statements of the subject children and their sister were hearsay, "[i]t is well settled that there is an exception to the hearsay rule in custody cases involving allegations of abuse and neglect of a child, based on the Legislature's intent to protect children from abuse and neglect as evidenced in Family [Court] Act § 1046 (a) (vi)' . . . , where, as here, the statements are corroborated" (Matter of Mateo v Tuttle, 26 AD3d 731, 732 [4th Dept 2006]; see Matter of Ordona v Campbell, 132 AD3d 1246, 1247 [4th Dept 2015]; Matter of Sutton v Sutton, 74 AD3d 1838, 1840 [4th Dept 2010]).
Respondent failed to preserve for our review his further contention that the court should have adjourned the proceeding pending the final resolution of his appeal from the criminal conviction (see generally Matter of Jaydalee P. [Codilee R.], 156 AD3d 1477, 1477 [4th Dept 2017], lv denied 31 NY3d 904 [2018]; Matter of Keara MM. [Naomi MM.], 84 AD3d 1442, 1444 [3d Dept 2011]).
We reject respondent's contention that he was denied effective assistance of counsel based on his attorney's failure to make certain motions or seek an adjournment pending final resolution of his criminal appeal. It is well settled that an attorney "cannot be deemed ineffective for failing to make a motion or response to a motion that is unlikely to be successful" (Matter of Jamaal NN., 61 AD3d 1056, 1058 [3d Dept 2009], lv denied 12 NY3d 711 [2009]; see Matter of Kenneth L. [Michelle B.], 92 AD3d 1245, 1246 [4th Dept 2012]). Furthermore, "[i]t is not the role of this Court to second-guess the attorney's tactics or trial strategy" (Matter of Katherine D. v Lawrence D., 32 AD3d 1350, 1351-1352 [4th Dept 2006], lv denied 7 NY3d 717 [2006]) and, based on our review of the record, we conclude that respondent received meaningful representation (see id. at 1352).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court