Matter of Smith v Ballam (2019 NY Slip Op 07170)





Matter of Smith v Ballam


2019 NY Slip Op 07170


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


852 CAF 18-01202

[*1]IN THE MATTER OF KIERSTEN A. SMITH, PETITIONER-RESPONDENT,
v
SHERRI BALLAM, RESPONDENT-APPELLANT, ET AL., RESPONDENT.
-
IN THE MATTER OF SHERRI BALLAM, PETITIONER-APPELLANT,
v
KIERSTEN A. SMITH, RESPONDENT-RESPONDENT, ET AL., RESPONDENT.






MICHAEL STEINBERG, ROCHESTER, FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.
PAUL B. WATKINS, FAIRPORT, FOR PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT. 
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Steuben County (Peter C. Bradstreet, J.), entered June 12, 2018. The order granted petitioner-respondent sole legal custody and physical placement of the subject child and denied visitation to respondent-petitioner. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: In this proceeding pursuant to article 6 of the Family Court Act, respondent-petitioner grandmother appeals from an order that, inter alia, granted sole legal custody and physical placement of the subject child to petitioner-respondent mother and denied visitation to the grandmother.
Initially, we note that while this appeal was pending, Family Court granted the grandmother's subsequent petition seeking visitation. The mother then moved to dismiss this appeal as moot insofar as the grandmother contends that the court erred in failing to grant her visitation in the order on appeal (see Matter of Jones v Tucker, 125 AD3d 1273, 1273 [4th Dept 2015]). Under the circumstances presented here, however, we conclude that the exception to the mootness doctrine applies (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). We therefore deny the mother's renewed motion to dismiss the appeal insofar as it concerns the issue of visitation.
Nevertheless, we affirm the order on appeal. We reject the grandmother's contention that the court erred in denying her petition for custody and granting custody to the mother. "It is well established that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (Matter of Gary G. v Roslyn P., 248 AD2d 980, 981 [4th Dept 1998]; see Matter of Lakeya P. v Ajja M., 169 AD3d 1409, 1410-1411 [4th Dept 2019], lv denied 33 NY3d 906 [2019]; Matter of Braun v Decicco, 117 AD3d 1453, 1454 [4th Dept 2014], lv dismissed in [*2]part and denied in part 24 NY3d 927 [2014]). Here, the grandmother failed to meet her burden of establishing that extraordinary circumstances exist to warrant an inquiry into whether an award of custody to the grandmother is in the best interests of the child (see generally Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]; Matter of Bennett v Jeffreys, 40 NY2d 543, 548 [1976]). In particular, we conclude that the grandmother failed to establish her claim that the mother suffered from unaddressed, serious mental health issues that would warrant a finding of extraordinary circumstances (cf. Lakeya P., 169 AD3d at 1410-1411; Matter of Thomas v Armstrong, 144 AD3d 1567, 1568 [4th Dept 2016], lv denied 28 NY3d 916 [2017]).
Contrary to the grandmother's further contention, we conclude that, as of the time that the order was entered, the record supports the court's determination that it was in the best interests of the subject child to deny the grandmother visitation "in view of the grandmother's failure to abide by court orders, the grandmother's animosity toward the [mother], with whom the child[ now] reside[s], and the fact that the grandmother frequently engaged in acts that undermined the subject child[]'s relationship with" the mother (Matter of Ordona v Campbell, 132 AD3d 1246, 1247-1248 [4th Dept 2015]; see generally Matter of Jones v Laubacker, 167 AD3d 1543, 1544-1546 [4th Dept 2018]). It is well settled that "a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011] [internal quotation marks omitted]; see Matter of Macri v Brown, 133 AD3d 1333, 1333-1334 [4th Dept 2015]), and we perceive no basis for disturbing the court's determination here (cf. Matter of Richardson v Ludwig, 126 AD3d 1546, 1547 [4th Dept 2015]; see generally Matter of E.S. v P.D., 8 NY3d 150, 157 [2007]).
Finally, we reject the grandmother's contention that the child was deprived of effective assistance of counsel on appeal (see Matter of Ferguson v Skelly, 80 AD3d 903, 906 [3d Dept 2011], lv denied 16 NY3d 710 [2011]). The record, the briefs, and the statements of the attorneys at oral argument do not support the grandmother's allegations that the Attorney for the Child failed to make a recommendation in accordance with the child's wishes or that she failed to consult with the child (see generally Matter of Hilgenberg v Hertel, 100 AD3d 1432, 1433 [4th Dept 2012]).
All concur except Curran, J., who dissents and votes to dismiss the appeal in part and otherwise affirm in accordance with the following memorandum: I agree with the majority that Family Court did not err in denying respondent-petitioner grandmother's petition for custody based on her failure to establish that extraordinary circumstances exist to warrant an inquiry into whether an award of custody to the grandmother is in the best interests of the child (see generally Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]; Matter of Orlowski v Zwack, 147 AD3d 1445, 1446-1447 [4th Dept 2017]). I also agree with the conclusion that the child was not deprived of effective assistance of counsel on appeal (see generally Matter of Hilgenberg v Hertel, 100 AD3d 1432, 1433 [4th Dept 2012]).
I respectfully dissent, however, from the majority's conclusion that, despite the entry of a new order granting the grandmother's subsequent petition for visitation, the exception to the mootness doctrine applies and permits this Court to review her contention that the court improperly denied her visitation with the subject child in the order on appeal (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). I conclude that the exception does not apply, and therefore I would grant petitioner-respondent mother's renewed motion to dismiss the appeal with respect to the issue of visitation.
The majority plainly agrees with my conclusion that the grandmother's contention with respect to visitation is moot here because the subsequent order granted the grandmother visitation rights. Indeed, the rights of the parties with respect to visitation cannot and will not "be directly affected by the determination" of the visitation issue on this appeal (id. at 714). Any "corrective measures which this Court might have taken with respect to the order appealed from would have no practical effect" because of the subsequent order (Matter of Cullop v Miller, 173 AD3d 1652, 1652-1653 [4th Dept 2019] [internal quotation marks omitted and emphasis added]; see Matter of Lateesha J., 252 AD2d 503, 503-504 [2d Dept 1998]). In essence, the grandmother is no longer aggrieved by that part of the order on appeal concerning visitation (see generally Matter of Kahlil S., 12 NY3d 898, 898 [2009]; Matter of Mahagan v New York State Dept. of Health, 53 [*3]AD3d 1118, 1119 [4th Dept 2008]).
As noted above, I disagree with the majority's application of the exception to the mootness doctrine. In my view, this Court's precedent compels the conclusion that the issue of visitation raised by the grandmother is rendered unreviewable by the subsequent order concerning visitation and that the exception does not apply. I note that we have consistently held that where an attorney for a party "has submitted new information, obtained during the pendency of [an] appeal, indicating that the order of visitation has been superseded by a subsequent order . . . , the . . . challenge to the order [on] appeal . . . has been rendered moot" (Matter of Kirkpatrick v Kirkpatrick, 117 AD3d 1575, 1576 [4th Dept 2014]). Cases in which we have applied this rule to conclude that an issue such as visitation is moot and further concluded that the exception to the mootness doctrine does not apply are practically legion (see e.g. Matter of Brooks v Greene, 153 AD3d 1621, 1622 [4th Dept 2017]; Matter of Dawley v Dawley [appeal No. 2], 144 AD3d 1501, 1502 [4th Dept 2016]; Matter of Warren v Hibbs, 136 AD3d 1306, 1306 [4th Dept 2016], lv denied 27 NY3d 909 [2016]; Matter of Smith v Cashaw [appeal No. 1], 129 AD3d 1551, 1551 [4th Dept 2015]; Matter of Morgia v Horning [appeal No. 1], 119 AD3d 1355, 1355 [4th Dept 2014]; see also Cullop, 173 AD3d at 1652-1653; Matter of Pugh v Richardson, 138 AD3d 1423, 1423-1424 [4th Dept 2016]; Matter of Trombley v Payne, 133 AD3d 1252, 1252 [4th Dept 2015]; Matter of Salo v Salo, 115 AD3d 1368, 1368 [4th Dept 2014]).
The majority provides no explanation of what circumstances or facts present in this particular case justify application of the exception to the mootness doctrine, cryptically asserting only that the exception applies "[u]nder the circumstances presented here[.]" I see no facts or circumstances, however, that would substantively differentiate the instant appeal from any of the above-cited cases and justify application of the exception to the mootness doctrine in this case but not in the others. In my view, application of the exception should be consistent and, absent elucidation of the relevant distinguishing facts, the majority's approach creates a confusing incongruence in our jurisprudence on that issue.
Even without resort to our overwhelming precedent, I conclude that no part of the rationale underlying the exception to the mootness doctrine is implicated here. The exception is based on "three common factors: (1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (Hearst Corp., 50 NY2d at 714-715). Even assuming that similar visitation issues are likely to recur between the parties, I conclude that such issues can easily be addressed via new petitions based on new allegations and that they will not typically raise novel issues likely to evade judicial review if left unreviewed.
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court