Matter of Honeyford v Luke (2020 NY Slip Op 04659)





Matter of Honeyford v Luke


2020 NY Slip Op 04659


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


350 CAF 18-02333

[*1]IN THE MATTER OF VALERIE J. HONEYFORD, PETITIONER-RESPONDENT, AND GARY R. HONEYFORD, PETITIONER,
v
ANDREA LUKE AND ADAM LUKE, RESPONDENTS-APPELLANTS. (APPEAL NO. 1.) 






JAMES S. HINMAN, ROCHESTER, FOR RESPONDENTS-APPELLANTS. 
MICHAEL STEINBERG, ROCHESTER, FOR PETITIONER-RESPONDENT.
ALISON BATES, VICTOR, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Monroe County (James A. Vazzana, J.), entered October 31, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner Valerie J. Honeyford visitation with the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: These consolidated appeals arise from a proceeding pursuant to Family Court Act article 6, in which petitioner-respondent Valerie J. Honeyford (grandmother) sought visitation with two of her grandchildren over the objection of their parents, respondents-petitioners Andrea Luke and Adam Luke (parents). The parents appeal, in appeal No. 1, from an order that, inter alia, granted visitation to the grandmother following a hearing. In appeal No. 2, the parents appeal from an order that dismissed, without a hearing, their petition in which they sought an order modifying the order in appeal No. 1 and determining that the grandmother violated that order.
Preliminarily, the appellate Attorney for the Children (AFC) contends in each appeal that the subject children were denied effective assistance of counsel in Family Court by their trial AFC's failure to meet with them. "[T]here is no indication in the record whether the trial AFC consulted with [the subject children]. The contention of [the children's] appellate AFC is therefore based on matters outside the record and is not properly before us" (Matter of Brian S. [Tanya S.], 141 AD3d 1145, 1147 [4th Dept 2016]; see Matter of Daniel K. [Roger K.], 166 AD3d 1560, 1561 [4th Dept 2016], lv denied 32 NY3d 919 [2019]). Additionally, we conclude that "the issue is not before us in either appeal because the [AFC] did not file a notice of appeal from either order" (Matter of Baxter v Borden, 122 AD3d 1417, 1419 [4th Dept 2014], lv denied 24 NY3d 915 [2015]; see Matter of Carroll v Chugg, 141 AD3d 1106, 1106 [4th Dept 2016]).
With respect to appeal No. 1, Domestic Relations Law § 72 (1) gives a grandparent standing to seek visitation with his or her grandchildren over the parents' objections where, insofar as relevant here, "circumstances show that conditions exist [in] which equity would see fit to intervene." Furthermore, it is well settled "that a fit parent has a fundamental constitutional right' to make parenting decisions . . . For that reason, the Court of Appeals has emphasized that the courts should not lightly intrude on the family relationship against a fit parent's wishes. The presumption that a fit parent's decisions are in the child's best interests is a strong one' " (Matter of Jones v Laubacker, 167 AD3d 1543, 1545 [4th Dept 2018]; see Troxel v Granville, 530 US 57, 69-70 [2000]). Additionally, even where, as here, a grandparent has established standing to seek visitation, "a grandparent must then establish that visitation is in the [*2]best interests of the grandchild . . . Among the factors to be considered are whether the grandparent and grandchild have a preexisting relationship, whether the grandparent supports or undermines the grandchild's relationship with his or her parents, and whether there is any animosity between the parents and the grandparent" (Matter of Hilgenberg v Hertel, 100 AD3d 1432, 1433 [4th Dept 2012]; see Matter of E.S. v P.D., 8 NY3d 150, 157-158 [2007]). Animosity alone, however, is insufficient to deny a grandparent's request for visitation, inasmuch as " [i]t is almost too obvious to state that, in cases where grandparents must use legal procedures to obtain visitation rights, some degree of animosity exists between them and the party having custody of the [grandchildren]. Were it otherwise, visitation could be achieved by agreement' " (E.S., 8 NY3d at 157; see Hilgenberg, 100 AD3d at 1433-1434).
It is also well settled that a court's determination of a grandparent's petition seeking visitation "depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents and grandparents . . . The court's determination concerning visitation will not be disturbed unless it lacks a sound and substantial basis in the record" (Hilgenberg, 100 AD3d at 1434 [internal quotation marks omitted]). Here, despite the animosity between the parties, there is a sound and substantial basis in the record for Family Court's determination to award visitation to the grandmother. The court found the grandmother's testimony credible, the record clearly establishes that the grandmother had a loving and beneficial relationship with the children that the parents permitted and encouraged, and there is no evidence in the record that the grandmother or her husband did anything to undermine the parents' relationship with the children. We therefore affirm the order in appeal No. 1.
We also affirm the order in appeal No. 2, in which the court dismissed the parents' modification and violation petition. Insofar as the parents sought modification, "[i]t is well settled that [a] hearing is not automatically required whenever a parent seeks modification of a [visitation] order . . . In order to . . . warrant a hearing, a petition seeking to modify a prior order of . . . visitation must contain factual allegations of a change in circumstances warranting modification to ensure the best interests of the child" (Matter of Kriegar v McCarthy, 162 AD3d 1560, 1560 [4th Dept 2018] [internal quotation marks omitted]). Here, inasmuch as the parents' petition did not allege any change in circumstances, the court properly dismissed their petition insofar as it sought modification of the prior order.
With respect to the parents' request for a determination that the grandmother violated the prior order, a hearing is required only where the "petition[] set[s] forth sufficient allegations that, if established at an evidentiary hearing, could support granting the relief sought' " (Matter of Buck v Buck, 154 AD3d 1134, 1135 [3d Dept 2017]). Here, the parents' petition alleged only that the grandmother allowed her husband to interact with the subject children during visitation. Inasmuch as the prior order did not prohibit such interaction, the allegations were insufficient to support a finding that the grandmother violated it. Thus, the court properly dismissed the parents' petition insofar as it sought a determination that the grandmother violated the prior order.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court