Matter of Bukowski v Florentino (2022 NY Slip Op 06606)

Matter of Bukowski v Florentino

2022 NY Slip Op 06606

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, WINSLOW, AND BANNISTER, JJ.

877 CAF 21-01684

[*1]IN THE MATTER OF JENNIFER A. BUKOWSKI, PETITIONER-APPELLANT,
v
GENE FLORENTINO, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 

MARGARET A. MURPHY, P.C., HAMBURG (MARGARET A. MURPHY OF COUNSEL), FOR PETITIONER-APPELLANT. 
THE LAW OFFICE OF RACHEL K. MARRERO, ESQ., BUFFALO (RACHEL K. MARRERO OF COUNSEL), FOR RESPONDENT-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD.

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered January 9, 2020 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 6, petitioner-respondent grandmother appeals, in appeal Nos. 1 and 2, from two orders granting the motions of respondent-petitioner parents, made at the close of the grandmother's proof at a hearing, to dismiss the grandmother's petitions, which had sought to modify a prior stipulated order of visitation with respect to the subject child. In appeal No. 3, the grandmother appeals from an order granting the cross petitions of the parents seeking termination of the grandmother's visitation. We affirm in each appeal.
As a preliminary matter, we reject the contention of the parents and the Attorney for the Child that appeal Nos. 1 and 2 should be dismissed as untimely, and the contention of the parents that appeal No. 3 should be dismissed as untimely. Inasmuch as the orders in appeal Nos. 1 and 2 indicate that the grandmother may have been served the orders by the court via email only, which is not a method of service provided for in Family Court Act § 1113, and the record does not otherwise demonstrate that she was served by any of the methods authorized by the statute, we cannot determine on this record when, if ever, the time to take the appeals began to run, and thus it cannot be said that the grandmother's appeals in appeal Nos. 1 and 2 are untimely (see Matter of Grayson S. [Thomas S.], — AD3d &mdash, &mdash, 2022 NY Slip Op 05649, *1-2 [4th Dept 2022]; Matter of Batts v Muhammad, 198 AD3d 750, 751 [2d Dept 2021]; Matter of Tynell S., 43 AD3d 1171, 1172 [2d Dept 2007]). Similarly, it cannot be said that the grandmother's appeal in appeal No. 3 is untimely inasmuch as "[t]here is no evidence in the record that the [grandmother] was served with the order . . . by a party or the child's attorney, that [she] received the order in court, or that the Family Court mailed the order to the [grandmother]" (Batts, 198 AD3d at 751; see Family Ct Act § 1113; Grayson S., — AD3d at &mdash, 2022 NY Slip Op 05649, *2; Tynell S., 43 AD3d at 1172).
Contrary to the grandmother's contention in appeal Nos. 1 and 2, we conclude that the court properly granted the parents' motions to dismiss, made at the close of the grandmother's [*2]proof at the hearing, upon determining that the grandmother failed to establish a change in circumstances sufficient to warrant an inquiry into whether modifying the prior stipulated order by increasing her visitation would be in the child's best interests (see Matter of Kashif II. v Lataya KK., 99 AD3d 1075, 1077 [3d Dept 2012]; Matter of Gridley v Syrko, 50 AD3d 1560, 1561 [4th Dept 2008]; Matter of Schwitzer v Plank, 8 AD3d 1077, 1078 [4th Dept 2004]). Contrary to the grandmother's contention in appeal No. 3, we conclude that the court properly granted the parents' cross petitions inasmuch as the record supports the court's determination that the parents presented evidence establishing that a change in circumstances had occurred and that it was in the best interests of the child to terminate the grandmother's visitation (see Matter of Wilson v McGlinchey, 2 NY3d 375, 382 [2004]; Matter of Macri v Brown, 133 AD3d 1333, 1333-1334 [4th Dept 2015]; Matter of Ordona v Campbell, 132 AD3d 1246, 1247-1248 [4th Dept 2015]). The grandmother's "important interest in having a relationship with the child 'must yield . . . where[, as here,] the circumstances of the child's family—including the worsening relations between the litigants and the strenuous objection to grandparent visitation by both parents—render the continuation of visitation with the grandparent[] not in the child's best interest[s]' " (Macri, 133 AD3d at 1334, quoting Wilson, 2 NY3d at 382).
We have considered the grandmother's remaining contentions in these appeals and conclude that none warrants reversal or modification of the orders.
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court